# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MONTOREY DANYELL HARPER, Military Leader UNI Star General; MONTOREY LLC, | CASE NO. 17cv1585-WQH-MDD |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| US; NATO; THE UN, | |
| Defendants. | |

HAYES, Judge:

On August 8, 2017, Plaintiff Montorey Danyell Harper initiated this action by filing a complaint (ECF No. 1) and a motion to proceed in forma pauperis. (ECF No. 2).

## I. Motion to Proceed In Forma Pauperis

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

After considering Plaintiff's motion and affidavit, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in

forma pauperis pursuant to 28 U.S.C. § 1915(a).

**II. Initial Screening of the Complaint**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

The complaint states in part, that

THE "INDLES" MISSLES OF THE PLANTIFF ARE REAL AND THE UNITED STATES AS WELL AS OTHERS NEED TO RECOGNIZE THAT THIS IS ONLY THE UP BEGINNING OF MORE WAR, PHYSICAL LOSE OF LIFE THROUGH TERRNIAL WILL RESULT THIS IS BECAUSE OF THE CONSTITUTION AND HR NEEDS A PLACE OF HIS OWN. IF THE UNITED STATES BELIVES HE DOSNT THEN FINE BUT HE DOES, SO THE UNITED STATES IS WRONG AND SO IS THE WORLD, THIS CAN ONLY BE ACCOMPLISHED BY HR AND NOT ANOTHER FORM OR ANYFORM, THIS WOULD CAUSE REALIZATION TO BE MEET ANYWAY AND THE US AND WORLD WOULD BE PUNISHED AND THEY WOULD BE NO MORE. IF THE UNITED STATES AND THE WORLD WANT TO RECOGNIZED TERRNIAL AND THAT IT IS PHYSICLAY HR'S IT MUST DO SO QUICKLY, HR HAS ALREADY FIRED AND ITWILL RESULT IN LOSS OF LIFE THES ARE MILITARY MUNITIONS SPIRITUAL MILITARY

| | |
|---|---|
| 1 | TECHNOLOGY, THI MEANS THE US HAS BEEN FIRED ON FOR YEARS NOW, AND THE US WOULD SAY THEY ARE REAL AND THUS UNDERSTAND THE MOMENTUM SITUATION THAT INOLES LAND RELIQUISHMENT AND FURTHER THE ALLOWENCE OF TERRNAIL WITHOUT MILITARY FRACTIONS. THE MILITARY FRACTIONS ARE AGAINST AND UPAGAINST HR TERMINAL SYSTEM WHICH IS SECOND TO NONE. HR IS GOD. HIS MILITARY IS THE BEST ALTHOUGH IT IS SPIRITUAL. THE UNITED STATES RIGHT NOW IS A CRIMINAL STATE AND THE WORLD IN TROUBLE ALREADY, THIS WOULD HELP TO ALIVATE AND FUSTRATE MATTERS AND ALLOW AWAY FOR TERRNIAL UNDER THESE MEASURES. THE UNITED STATES MUST SETTLE FOR LESS LAND AND HERE WE CAN DISCUSS THE WORLD, THE EVNTRUAL AND HOPFULLY VERY SOON THE ACTRUAL HAPPENING OF LESS LAND THROUGH TERRNIAL THROUGH THEM, THIS IS ALL INTERNATIONAL COUNTIRES, THIS LAWSUIT IS PREPARED UNDER THE PRETEXT THAT A LAWSUITS AWAITING AND PENINDING ARE ALREADY IN DEFAULT EVEN ALL FILED ALREADY. |

(ECF No. 1 at 1-2).

The Court has reviewed the allegations of the complaint and cannot determine the legal theory supporting Plaintiff's complaint. The Court concludes that the allegations of the complaint are vague and lack an arguable basis in law or fact. Plaintiff fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IV. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis is GRANTED. (ECF No. 2).

IT IS HEREBY ORDERED that the complaint is dismissed. (ECF No. 1). The Clerk of Court is directed to close the case.

DATED: August 29, 2017

**WILLIAM Q. HAYES**
United States District Judge